# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-1065V
### Filed: August 12, 2015
### Not for Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MIRANDA WERNER, on behalf of P.M.S., a minor child,  * | |
| | * |
| Petitioner,  * | Damages Decision Based on Proffer; |
| | * Rotavirus Vaccine; Intussusception; |
| v.  * | Special Processing Unit ("SPU") |
| | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES,  * | |
| | * |
| Respondent.  * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Anne Toale, Esq., Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Ryan Pyles, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 31, 2014, Miranda Werner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"] on behalf of her minor child, P.M.S.  The petition alleges that as a result of a rotavirus, polio, pneumococcal, haemophilus influenza b ["HIB"], and/or diphtheria-tetanus-acellular pertussis ["DTaP"] vaccinations on May 17, 2013, P.M.S. suffered an intussusception and recurrence thereof.  Petition at 1-2.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 28, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for P.M.S.'s intussusception.  On August 10, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating that petitioner should be awarded compensation as detailed below.

Pursuant to the terms stated in the attached Proffer, **I award compensation as follows:**

(1)  An amount sufficient to purchase an annuity contract for the benefit of P.M.S., paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"),[3] pursuant to which the Life Insurance Company will agree to make payments to P.M.S. as follows:

  a.  A certain lump sum of $14,526.50 payable on January 15, 2031;
  b.  A certain lump sum of $14,526.50 payable on January 15, 2032;
  c.  A certain lump sum of $14,526.50 payable on January 15, 2033; and
  d.  A certain lump sum of $14,526.50 payable on January 15, 2034.

Should P.M.S. predecease the exhaustion of the payments referenced above or be declared incompetent by a court with proper jurisdiction, any remaining payments shall be made to the Estate of P.M.S.; and

(2) A lump sum of **$10,221.19**, which amount represents reimbursement of a State of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and

Xerox Recovery Services
Case ID: 19059948
P.O. Box 4003
Schaumburg, IL 60168-4003.

Petitioner shall endorse this payment to Xerox Recovery Services, on behalf of the State.

Proffer at 1-2.  This amount represents compensation for all damages that would be available under § 300aa-15(a).

---

[3] Respondent shall have sole discretion to select the Life Insurance Company, subject to the condition that the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
  b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
  c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
  d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

MIRANDA WERNER, on behalf of P.M.S., a
minor child,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

No. 14-1065V

Chief Special Master Denise K. Vowell
ECF

---

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 26, 2015, respondent filed her Rule 4(c) Report, in which she recommended that the Court find petitioner entitled to compensation. On January 28, 2015, the Court ruled in favor of entitlement. The parties recommend that the compensation provided to P.M.S. should be made through future annuity payments as described below, and the parties request that the Chief Special Master's decision and the Court's judgment award the following for all compensation available under 42 U.S.C. § 300aa-15(a):

    (1)  An amount sufficient to purchase an annuity contract for the benefit of P.M.S., paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"),[1] pursuant to which the Life Insurance Company will agree to make payments to P.M.S. as follows:

---

[1] Respondent shall have sole discretion to select the Life Insurance Company, subject to the condition that the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    a.  A certain lump sum of $14,526.50 payable on January 15, 2031;
    b.  A certain lump sum of $14,526.50 payable on January 15, 2032;
    c.  A certain lump sum of $14,526.50 payable on January 15, 2033; and
    d.  A certain lump sum of $14,526.50 payable on January 15, 2034.

Should P.M.S. predecease the exhaustion of the payments referenced above or be declared incompetent by a court with proper jurisdiction, any remaining payments shall be made to the Estate of P.M.S.; and

(2)  A lump sum of **$10,221.19**, which amount represents reimbursement of a State of Kentucky Medicaid lien, in the form of a check payable jointly to petitioner and

Xerox Recovery Services
Case ID: 19059948
P.O. Box 4003
Schaumburg, IL 60168-4003.

Petitioner shall endorse this payment to Xerox Recovery Services, on behalf of the State.

***

This proffer does not address final attorneys' fees and litigation costs.  Petitioner is

additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later

date upon petitioner submitting substantiating documentation.

Petitioner advised respondent that she agrees with the proffered award as described

above.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated:  August 10, 2015